IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADVANCED GAS TECHNOLOGIES, INC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB 05-2202 |
| HENRY FRETZ, A/k/a/ HENRY S. FRETZ, *et al.*, | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This action arises out of a Complaint that Advanced Gas Technologies, Inc. ("AGT" or "Plaintiff") filed against Henry Fretz and Joan Fretz in their capacity as the trustees of the Augustus Henry Fretz Trust ("the AHF trust"), Augustus Fretz, and John Doe Trust Beneficiaries 1-100 ("the Fretzes" or "Defendants"). Pending before this Court is the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendants argue that diversity jurisdiction does not exist over this action, because (1) Plaintiff has not met the mandatory $75,000 minimum required by 28 U.S.C. §1332 and (2) that Kevin Fretz, the son of Henry and Joan Fretz, is the sort of beneficiary intended by the John Does, and that his residence in Pennsylvania destroys diversity of citizenship. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' Motion to Dismiss is DENIED and, pursuant to Rule 21 as discussed below, the John Doe Trust Beneficiaries are DISMISSED.

**BACKGROUND**

AGT is a gas manufacturer incorporated in Delaware. (Def.'s Mem. Supp. Mot. Dis. p. 1.) In 1993, AGT entered into a lease and purchase agreement with Henry Fretz, a Maryland citizen, for the 8 acre Stauffer Road property, where it subsequently built a manufacturing plant. (Pl.'s Compl. Ex. D. p. 2.) This 8 acre parcel located at Stauffer Road is the property in question in this controversy.

Henry Fretz filed a Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court for the District of Pennsylvania on May 6, 1997. (*Id.* at p. 3.) AGT filed an adversary proceeding in that court to enforce its purchase option in the Stauffer Road property. (*Id.*) Henry Fretz and AGT settled the proceeding by entering into a Sale Agreement, whereby Henry Fretz would sell the property to AGT for $160,000 provided that AGT could obtain an acceptable subdivision agreement from the local council. (*Id.*) This Sale Agreement was made part of Henry Fretz's Chapter 11 Plan of Reorganization on October 13, 1998. (*Id.*)

On November 5 and 13, 1998 Henry Fretz made an attempt to transfer the Stauffer Road property to the AHF trust.[1] The transfer was effectively a transfer to himself, as the only trustee not married to him, the Fleet Bank, received no record of the transfer. (Pl.'s Compl. Ex. D p. 8.) Although since 1998 AGT has sought approval of subdivision plans on a number of occasions, Henry Fretz has consistently refused to agree to them. (*Id.* at p. 12.) In 1999 AGT filed suit against Henry Fretz in the Court of Common Pleas for Montgomery County, Pennsylvania for specific performance on the sale agreement, and damages for breach of the sale agreement. That

---

[1] In actuality Fretz sought to transfer the property to "the Deed of Trust Under Will of A. Henry Fretz," which, as a deed, cannot hold property. (Pl.'s Compl. Ex. D. p. 16.)

action was then removed to the United States District Court for the District of Pennsylvania.  (*Id.* at p. 9.)  On August 21, 2003 Henry Fretz filed a Chapter 7 proceeding in the Bankruptcy Court for the District of Maryland ("the Bankruptcy Court").  (*Id.* at p. 9.)  The Pennsylvania action was consequently transferred to the Maryland Bankruptcy Court as an adversary proceeding.  *Id.*  Judge McFeeley, presiding over the Bankruptcy Court, ruled in February 2005 that there had been no transfer of the Stauffer Road property to the AHF trust, that AGT was entitled to damages for Henry Fretz's attempts to prevent the fulfillment of the Sale Agreement, and that the Chapter 7 Trustee, not Henry Fretz, was now entrusted with completing that contract, as soon as a legitimate subdivision plan could be obtained by AGT.  (*See* Pl.'s Compl. Ex. D pp. 12-25.)  Henry Fretz appealed the Chapter 7 Bankruptcy Court judgment in this Court, but subsequently abandoned the appeal.  (Pl.'s Mem. Opp. Mot. Dis. p. 2.)

AGT swiftly obtained a subdivision agreement, but before the sale could take place Augustus Fretz, the son of Henry and Joan Fretz, filed through Alan Kane, Henry Fretz's longstanding attorney, an action "asserting his ownership interest" in the Stauffer Road Property. (Pl.'s Compl. p. 6.)  Kane sent a letter dated March 1, 2005, notifying the County Solicitor of Augustus Fretz's claim.  (*Id.*)  He also filed a *Praecipe lis Pendens* in the land records of Montgomery County, Pennsylvania.  (*Id.*)  The lawsuit alleged that Augustus Fretz was a contingent beneficiary of the AHF trust, and that the AHF trust owned the Stauffer Road property.  (*Id.*)  On April 7, 2005, the Trustee for Henry Fretz's Chapter 7 Bankruptcy sold the Stauffer Road property to AGT.  (*See* Pl.'s Compl. Ex. A)

AGT filed the instant action for slander of title and to quiet title in the AHF trust and its beneficiaries on July 29, 2005, in the United States Bankruptcy Court for the District of

Maryland. The Complaint seeks to prevent actions such as that initiated by Augustus Fretz and "bar the Defendants from interfering with AGT's right, title and interest" in the Stauffer Road Property. (Pl.'s Mem. Opp. Mot. Dis. p. 2.) On August 3, 2005, AGT filed an unopposed motion to withdraw the reference, which this Court granted. (Pl.'s Mem. Opp. Mot. Dis. p. 3.) In December 2005, the Defendants filed the instant Motion to Dismiss, alleging that Plaintiff's suit fails to meet both the requirement that at least $75,000 be in controversy, and the requirement of diversity of citizenship necessary for the exercise of jurisdiction under 28 U.S.C. §1332.

## STANDARD OF REVIEW

Defendants have challenged the subject matter jurisdiction of this court under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The only ground for jurisdiction in this case is diversity of citizenship under 28 U.S.C. §1332. Defendants claim that Plaintiff's complaint fails to meet the jurisdictional minimum amount in controversy of $75,000, and that the parties are not completely diverse.

Federal courts only have jurisdiction under 28 U.S.C. §1332 over cases in which the amount in controversy exceeds $75,000. Where Plaintiff has alleged a sufficient amount, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *FLF*, *Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998).

A federal court can only exercise jurisdiction under 28 U.S.C. §1332 when there is complete diversity of citizenship between the parties at the time the complaint is filed. *See* 28

4

U.S.C. §1332; *Grupo Dataflux v. Atlas Global Group*, L.P. 541 U.S. 567 (2004) (time of filing governs jurisdiction irrespective of cost). Once the issue of jurisdiction is raised, the party asserting jurisdiction also bears the burden of proving that jurisdiction actually exists. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). For purposes of determining diversity, individuals are citizens of the state in which they are domiciled, corporations are citizens of the state in which they are incorporated and the state in which they maintain their principal place of business. *See Athena Automotive, Inc. v. J & D Automotive, Inc.*, 166 F.3d 288, 290 (1999). The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Should this Court find diversity jurisdiction lacking, it can follow one of two courses: (1) it can dismiss the case entirely or (2) it can dismiss the diversity-destroying parties under Rule 21 of the Federal Rules of Civil Procedure, provided that those parties are non-essential and their dismissal completely cures the jurisdictional defect. *See C.L. Ritter Lumber Company, Inc., et. al., v. Consolidation Coal Co.,* 283 F.3d 226, 230 (4th Cir. 2002) (holding that the court is entitled to dismiss non-essential diversity destroying defendants even after judgment). "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva v. Red Square Sports, Imc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005) (quoting *Richmond*, 945 F.2d at 768).

## DISCUSSION

### I.     Amount in Controversy

Defendants allege that the amount in controversy does not exceed $75,000 as to each

defendant, and that this Court, therefore, lacks subject matter jurisdiction over this action. (Defs.' Mem. Supp. Mot. Dis. p. 7.)  It maintains that one of Henry and Joan Fretz's children, Augustus, is a named defendant in the action, and that the other two are unnamed defendants. Defendants contend that Plaintiff must prove $75,000 in controversy as to *each* defendant individually and that the only monetary amount applicable to the amount in controversy issue, as to the Fretz children, is the $160,000 sale price of the Stauffer Rd. property.  (Defs.' Mem. Supp. Mot. Dis. p. 7-8.)

Defendants cite no authority to support their contention that Plaintiff must prove the amount in controversy as to each defendant.  In fact it is well settled that the "matter in controversy" requirement is assessed by each *claim* not each *defendant*.  *See e.g. Snyder v. Harris*, 394 U.S. 332 (1969); *Zahn v. International Paper Co.*, 414 U.S. 291 (1973); *Rosmer v. Pfizer, Inc.*, 263 F.3d 110 (4th Cir. 2001); *National Union Fire Ins. Co. v. Allfirst*, 225 F. Supp. 2d 614 (D. Md. 2002).  Where a plaintiff has several claims, none of which reach the jurisdictional amount, the plaintiff can aggregate his claims against defendants if they are jointly and severally liable. *National Union*, 225 F. Supp. 2d. at 616 n.1.  In this case, Plaintiff would only be required to prove jurisdictional amount as to *each* defendant if (a) neither claim alleged the jurisdictional amount and (b) each claim were against a separate defendant.  *See e.g., Haynes v. Heightland*, 2006 U.S. Dist. LEXIS 19194, *14 (N.D.W.V. 2006).

In this case both claims, each of which exceeds the jurisdictional amount, are asserted against exactly the same defendants, with the John Does providing for potential additions to the first claim.  Defendants have not raised any allegations that the *claims* fail to meet the required minimum, or that AGT pleaded these amounts in bad faith.  Therefore, because there is no

6

indication whatsoever that the claims are jurisdictionally insufficient, much less "*a legal certainty* that the claim is really for less than the jurisdictional amount," the Motion to Dismiss for insufficient amount in controversy is DENIED.  *FLF*, *Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998).

Defendants challenge diversity of citizenship on the basis that Henry Fretz's son, Kevin Fretz, lives in Pennsylvania, where AGT has its principal place of business,[2] and is a potential John Doe.  Plaintiff does not contest Kevin Fretz's citizenship, but seems to allege that Defendants have not offered sufficient evidence, at this time, to prove that Kevin Fretz is a John Doe Trust Beneficiary.  This is simply untrue. The trust document was included with Plaintiff's own complaint in this action.[3]  That document clearly establishes separate trusts for Henry Fretz and each of his siblings. (*See* Pl.'s Compl. Ex. G. §10.)  It also mandates that Henry Fretz's "issue" should inherit his trust should they outlive their father, and should there be any remaining assets in the trust.  (*See* Pl.'s Compl. Ex. G. §3)  Therefore, the only potential contingent beneficiaries of the AHF trust are the children of Henry Fretz, and any children they might produce.   Considering that Plaintiff's Complaint defines the John Does as "the unknown and/or unborn putative or contingent beneficiaries of the AHF Trust," Kevin Fretz seems indeed to be a John Doe as claimed by Defendants.

---

[2]  There is still some ambiguity in the jurisdictional analysis because when Plaintiff responded to Defendants' Motion to Dismiss, they responded to Defendants' initial assertion that Kevin Fretz lived in Delaware.  As discussed in more detail earlier in this opinion, Kevin Fretz first claimed that he was a resident of Delaware, where Plaintiff is incorporated. He then asserted that he was a resident of Pennsylvania, where the property that is the genesis of this action is located.

[3]  The instant action began as Adversary Proceeding No. 05-01825 in the Bankruptcy Court for the District of Maryland.

Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Consequently, district courts can drop dispensable diversity-destroying parties instead of dismissing an action altogether. *See e.g., C.L. Ritter Lumber Co., Inc. v. Consolidation Coal Co.*, 283 F.3d 226, 230 (4th Cir. 2002); *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 833-35 (1989). John Doe defendants cannot be used to mask actual, known individuals, especially in cases where jurisdiction is based on §1332. In order for the action to go forward, the plaintiff is required to prove a John Doe's citizenship once his identity becomes ascertainable. *See Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Consequently, this action cannot proceed indefinitely in this Court as to the John Doe Trust Beneficiaries. Based on Defendants' jurisdictional challenge, this Court will, in its discretion, drop the John Doe Defendants at this time and allow the action to proceed as to Henry, Joan and Augustus Fretz. *Newman-Green Inc. v. Alfonso-Larrain,* 490 U.S. 826, 833 (1989) (district and appellate courts possess the discretion to dismiss dispensable diversity-destroying parties). In light of the previous procedural moves takes by the Defendants, and the previous noncompliance with court orders, this Court finds that there is more than sufficient justification to allow Plaintiff to proceed in this Court, absent the "John Does." Therefore, Defendants' Motion to Dismiss based on the lack of diverse citizenship is DENIED.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction is DENIED and pursuant to Rule 21, as discussed above, the John Doe Trust Beneficiaries are DISMISSED.  A separate Order follows.


Dated: August 7, 2006               /s/
                                    Richard D. Bennett
                                    United States District Judge